FILED

January 7, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____VL_____
Deputy

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **Case No: SA:26-CR-00005-OLG** |
| | § | |
| Plaintiff | § | |
| | § | **I N D I C T M E N T** |
| v. | § | **Cts 1-2: 18 U.S.C. § 842(a)(3)(A)** |
| | § | **Explosive Materials- Transport by Non-** |
| | § | **Licensee** |
| **DUSTIN JAY AMMONS** | § | |
| | § | |
| Defendant | § | **Ct 3: 18 U.S.C. § 922(g)(1)** |
| | § | **Felon in Possession of a Firearm** |
| | § | |
| | § | **Ct 4: 26 U.S.C. §5861** |
| | § | **Possession of Unregistered Short** |
| | § | **Barreled Rifle** |
| | § | |
| | § | |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**(18 U.S.C. §842(a)(3)(A))**

On or about September 12, 2025, in the Western District of Texas, the Defendant,

**DUSTIN JAY AMMONS**

not being a licensee or permittee under the provisions of Chapter 40 of Title 18 of the United

States Code, knowingly transported and shipped, and caused to be transported and shipped,

explosive materials, to wit PentaErythritolTetraNitrate (PETN), in violation of Title 18, United

States Code, Section 842(a)(3)(A).

**COUNT TWO**
**(18 U.S.C. §842(a)(3)(A))**

On or about September 26, 2025, in the Western District of Texas, the Defendant,

**DUSTIN JAY AMMONS**

not being a licensee or permittee under the provisions of Chapter 40 of Title 18 of the United States Code, knowingly transported and shipped, and caused to be transported and shipped, explosive materials, to wit PentaErythritolTetraNitrate (PETN), in violation of Title 18, United States Code, Section 842(a)(3)(A).

## COUNT THREE
### (18 U.S.C. §922(g)(1))

On or about December 12, 2025, in the Western District of Texas, the Defendant,

**DUSTIN JAY AMMONS**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed at least one firearm, to wit, a Celik Arms Blade, 9mm short-barreled rifle, serial number TK245-25B00247, a Sig Sauer, M400, 5.56 caliber rifle, serial number 20L042849, a Glock 23, .40 caliber pistol, serial number BKFW840, and a Panzer Arms, AR12, 12-gauge shotgun, serial number YD-2010647, and the firearms had travelled in interstate and foreign commerce, in violation of 18 U.S.C. §922(g)(1).

## COUNT FOUR
### (26 U.S.C. §5861(d))

On or about December 12, 2025, in the Western District of Texas, the Defendant,

**DUSTIN JAY AMMONS**

knowingly possessed at least one firearm, namely, a short barreled-rifle made from a Celik Arms Blade, 9mm short-barreled rifle, serial number TK245-25B00247, which had been modified to have a barrel less than 16 inches in length, and a destructive device, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Explosive Materials Violations and Forfeiture Statues
[Title 18 U.S.C. § 842(a)(3)(A) subject to forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(C) & (G) and 982(a)(2)(B), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts One and Two, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of certain property upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. §§ 981(a)(1)(C)/(G), and 982(a)(2)(B), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

**Title 18 U.S.C. § 981. Civil Forfeiture**
(a)(1) The following property is subject to forfeiture to the United States:
\* \* \*
(C)  Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense; and….

**Title 18 U.S.C. § 982.  Criminal forfeiture**
\* \* \*
**(a)(2)** The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
\* \* \*
**(B)** section . . . 842 . . . of this title,
shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

### II.

### Firearm Violation and Forfeiture Statutes
[Title 18 U.S.C. § 922(g)(1) subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violation set forth in Count Three, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of certain property upon conviction

and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal

forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 924. Penalties**
> **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation
> of subsection . . . (g) . . . of section 922 . . . shall be subject to seizure and
> forfeiture . . . under the provisions of this chapter. . . .

### III.
### Unregistered Possession Violation and Forfeiture Statutes
### [Title 26 U.S.C. § 5861(d), subject for forfeiture pursuant to Title 26 U.S.C. § 5872(a), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violation set forth in Count Four, the United States of America

gives notice to the Defendant of its intent to seek the forfeiture of certain property upon conviction

and pursuant to Fed. R. Crim. P. 32.2 and Title 26 U.S.C. § 5872(a), made applicable to criminal

forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

> **Title 26 U.S.C. § 5872. Forfeitures**
> **(a) Laws applicable.**—Any firearm involved in any violation of the
> provisions of this chapter shall be subject to seizure and forfeiture . . . .

### IV.

### Money Judgment

**Money Judgment:**  A sum of money that represents the amount of proceeds obtained, directly or indirectly, from such offenses, or traceable to such property, as a result of the violations set forth in Count One and Two for which Defendant is liable.

### Substitute Assets

If any of the properties described above as being subject to forfeiture for the violations set

forth above, as a result of any act or omission of the Defendant:

a.    cannot be located upon the exercise of due diligence;
b.    has been transferred or sold to, or deposited with, a third party;
c.    has been placed beyond the jurisdiction of the court;
d.    has been substantially diminished in value; or
e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the

value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R.

Crim. P. 32.2(e)(1).

A TRUE BILL,

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY:  *Joseph Blackwell*
FOR Sarah Wannarka
Assistant U.S. Attorney